# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES - GENERAL

| Case No.: | 2:21-cv-04577-AB-MAA | Date: | September 20, 2021 |
|---|---|---|---|

| Title: | *James Chung v. FCA US LLC* |
|---|---|

**Present: The Honorable**    **ANDRÉ BIROTTE JR., United States District Judge**

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**    **[In Chambers] ORDER <u>GRANTING</u> MOTION FOR REMAND [Dkt. No. 12]**

Before the Court is Plaintiff James Chung's ("Plaintiff") Motion for Remand ("Motion," Dkt. No. 12). Defendant FCA USA, LLC ("Defendant") filed an opposition and Plaintiff filed a reply. The Motion is **<u>GRANTED</u>**.

## I. BACKGROUND

Plaintiff filed this action in state court, asserting a claim for breach of written warranty and a claim for breach of the implied warranty under the Magnuson-Moss Warranty Act ("MMWA" or the Act), 15 U.S.C § 2301, *et seq.*, arising out of his purchase of a new vehicle for $79,205.76. Compl. ¶ 4.

Defendant removed the action under federal question jurisdiction, stating that the amount in controversy satisfies the MMWA's $50,000 jurisdictional minimum. *See* 15 U.S.C. § 2310(d)(3)(B). Plaintiff moves for remand, asserting that Defendant has not established that this amount is satisfied.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction and thus have subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal," statutes conferring jurisdiction are "strictly construed and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).

There is a strong presumption that the Court is without jurisdiction until affirmatively proven otherwise. *See Fifty Assocs. v. Prudential Ins. Co. of America*, 446 F.2d 1187, 1190 (9th Cir. 1970). When an action is removed from state court, the removing party bears the burden of demonstrating that removal is proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal diversity jurisdiction exists when the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1441, a defendant may remove an action from state court to federal court if the diversity and amount in controversy requirements are satisfied and if none of the defendants are citizens of the forum state.

The amount in controversy, for purposes of diversity jurisdiction, is the total "amount at stake in the underlying litigation." *Theis Research, Inc. v. Brown & Bain*, 400 F.3d 659, 662 (9th Cir. 2005). "[T]his includes any result of the litigation, excluding interests and costs, that 'entails a payment' by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016). "Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018)

"The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Gaus*, 980 F.2d at 566. And while "'a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' . . . '[e]vidence establishing the amount is required'" when "defendant's assertion of the amount in controversy is contested by plaintiffs." *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Dart Cherokee*

CV-90 (12/02)                    **CIVIL MINUTES – GENERAL**                    Initials of Deputy Clerk CB

2

*Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

  In determining the amount in controversy, courts first look to the allegations in the complaint. *Ibarra*, 775 F.3d at 1197. But "where it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled[,]" courts apply a preponderance of the evidence standard, which requires the defendant to provide evidence showing that it is more likely than not that the $75,000.00 amount in controversy is met. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007) (citing *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996)). In considering whether the removing defendant has satisfied its burden, the court "may consider facts in the removal petition" and "summary-judgment-type evidence relevant to the amount in controversy at the time of removal." *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) (quoting *Allen v. R & H Oil & Gas. Co.*, 63 F.3d 1326, 1335–36 (5th Cir. 1995)).

### III. DISCUSSION

  An MMWA claim is not cognizable in federal court "if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest[ ] and costs) computed on the basis of all claims to be determined in this suit." 15 U.S.C. § 2310(d)(3)(B). The amount in controversy in this case consists of Plaintiff's potential recovery under the MMWA, and attorneys' fees. Defendant has not established by a preponderance of the evidence that these amounts add up to at least $50,000

  Defendant argues that the entire $79,205.76 purchase price of the vehicle counts towards Plaintiff's potential recovery under the MWWA because Plaintiff revoked acceptance of the vehicle and demanded a refund. *See* Compl. ¶ 14. In his demand letter, Plaintiff did demand a refund "of all funds *paid* towards this vehicle." *See* Compl. Ex. B (demand letter) (emphasis added). But this demand was not made in the Complaint, so this amount is not established on the face of the Complaint. Nor is any other amount established on the face of the Complaint. Furthermore, there is no evidence in record establishing the amount of funds paid.

  Regardless, the Complaint itself demands a different remedy: damages pursuant to Cal. Comm. Code § 2714, which states: "The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different

amount." Cal. Comm. Code § 2714(2). Sometimes referred to as diminished value, Plaintiff argues, and Defendant does not dispute, that § 2714(2)'s calculation of establishes the measure of damages available under an MWWA claim. *See, e.g.*, Mot. 6:7-17 (citing *Gavaldon v. DaimlerChrysler Corp.*, 32 Cal. 4th 1246, 1264 (2004), as modified (June 23, 2004) (discussing damages available for warranty claims)). Once again, this amount is not clear from the face of the Complaint. Furthermore, neither side has pointed to *evidence* that is truly probative of what the "value of the goods as accepted" in 2017 was, that is, the value of the vehicle in 2017 given its alleged defects. Instead, Plaintiff suggests that the difference in value can be calculated by subtracting the current average Kelley Blue Book ("KBB") value of a *used* vehicle from the 2017 purchase price, yielding the following calculation:

$79,205.76 [purchase price] - $32,289.00 [KBB value] = $46,916.76 [damages]

Thus, according to Plaintiff, the diminished value would yield damages of $46,916.76. Defendant argues that a lower KBB value should be used given the vehicle's alleged defects, resulting in a higher damages amount of $49,817.76. However, neither calculation makes much sense because the KBB value is the *current* value of a *used* vehicle, not the value of the *defective but new* vehicle in *2017*. The Court is not persuaded that the current value of a used vehicle is a reasonable proxy for the value of the defective new vehicle in 2017, and thus finds that this calculation using any current KBB value is speculative. Speculative calculations are not sufficient to establish an amount in controversy for jurisdictional purposes. Although neither side addressed this issue adequately, this calculation is rendered more uncertain because damages calculated pursuant to § 2714(2) may be subject to being offset by the value of Plaintiff's use of the vehicle. *See* Cal. Civ. Code § 1793.2(d)(2)(B)-(C), Cal. Comm. Code § 2714; *see also Schneider v. Ford Motor Co.*, 756 F. App'x 699, 701 (9th Cir. 2018) (in warranty case, court must consider use offset to calculate amount in controversy because "an estimate of the amount in controversy must be reduced if 'a specific rule of law or measure of damages limits the amount of damages recoverable.'") (citation omitted); *see also Harnden v. Jayco, Inc.*, 496 F.3d 579, 582 (6th Cir. 2007) (discussing use offsets for MMWA amount-in-controversy calculations). Plaintiff did not suggest what such an offset might be, and Defendant—who bears the burden—ignored this issue entirely, presenting neither argument nor evidence on it. Thus, the amount put in controversy by MMWA damages is too speculative for the Court to determine, let alone to find that it satisfies the $50,000 minimum.

Regarding attorneys' fees, they must be considered in calculating the amount

in controversy. *See Fritsch*, 899 F.3d at 793. Defense counsel attests that fees for MMWA claims commonly exceed $35,000, and pointed to a "recent matter with very similar facts" where $96,000 in attorneys' fees was incurred prior to trial. *See* Gregg Decl. ¶ 10. But these generalized statements do not establish by a preponderance of the evidence the attorneys' fees that reasonably might be incurred *in this case*, and courts commonly hold that such generalized statements fail to satisfy the defendant's burden. *Schneider v. Ford Motor Co.*, 441 F. Supp. 3d 909, 914 (N.D. Cal. 2020) (so noting); *see also Makol v. Jaguar Land Rover N. Am.*, LLC, No. 18-CV-03414-NC, 2018 WL 3194424, at *3 (N.D. Cal. June 28, 2018) (finding generalized assertions are not sufficient evidence of fees in controversy). This Court agrees. Defendants have failed to provide the Court with specific evidence showing that the attorneys' fees in this case are more likely than not to exceed any particular amount, so attorneys' fees cannot be used to satisfy the amount-in-controversy requirement.

Given the open questions discussed above concerning Plaintiff's potential recovery under the MMWA, the insufficient evidence concerning attorneys' fees reasonably likely to be incurred in this case, and that doubts about jurisdiction must be resolved against exercising it, the Court finds that Defendant has not met its burden of establishing by a preponderance of the evidence that the amount in controversy here is at least $50,000. The MMWA's jurisdictional minimum is therefore not satisfied, so the Motion for Remand will be granted.

## IV. CONCLUSION

For the foregoing reason, Plaintiff's Motion for Remand is **GRANTED**. The Clerk of Court is therefore ordered to **REMAND** this action back to the state court from which it was removed.

**IT IS SO ORDERED**.